E-FILED
Monday, 10 May, 2021  04:05:38 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:05-cr-40098 |
| | ) | |
| RAMON I GARCIA, *also known as* | ) | |
| *Ramon Garda*, | ) | |
| | ) | |
| Defendant. | | |

## ORDER & OPINION

This matter is before the Court on Defendant Ramon Garcia's second request for compassionate release. (Dkt. 101). The Federal Public Defender has filed a notice of intent not to file an amended motion for compassionate release on Defendant's behalf, stating Defendant's previous counseled motions combined with his most recent *pro se* motion fully and fairly set forth the arguments for compassionate release. (Dkt. 103 at 2). The Government has responded (dkt. 106) and Probation has filed a recommendation at the Court's direction (dkt. 105). This matter is ripe for review. For the following reasons, the Motion is denied.

### BACKGROUND

In 2007, Defendant was sentenced to 240 months' imprisonment after pleading guilty to possession of cocaine with intent to distribute and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Dkt. 68). Defendant is currently projected to be released on November 12, 2022. (Dkt. 105 at 1).

The instant motion arises from the ongoing COVID-19 pandemic. Defendant is incarcerated at Federal Correctional Institute (FCI) Fort Dix, where there are currently 2 active COVID-19 cases among the inmate population, 2 active cases among staff, and 2 reported inmate deaths; 1,798 inmates and 91 staff members were previously infected and have recovered. *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 7, 2021).[1] COVID-19 vaccines are being administered at FCI Fort Dix; so far, 1,480 of 2,822 total inmates have been fully inoculated. *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 7, 2021).[2]

This is Defendant's second request for compassionate release.[3] In its June 24, 2020, Order denying compassionate release, the Court accepted the parties'

_____

[1] The BOP website contains the following disclosure:

These data are compiled from a variety of sources and reviewed by BOP Health Services staff before documented for reporting. **Not all tests are conducted by and/or reported to BOP.** The number of positive tests at a facility is not equal to the number of cases, as one person may be tested more than once. The number of tests recorded per site reflects the number of persons at the specific facility who have been tested, whether at that site or at a prior facility.

*COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 7, 2021) (emphasis in original). The website further indicates there have been 2,819 COVID-19 tests conducted at FCI Fort Dix, 0 are pending, and there has been a total of 2008 positive tests. *Id.*

[2] The BOP website contains the following information about vaccine data:

The information in this area of the resource page is updated each weekday at 3:00pm EDT. It is compiled from a variety of sources and reviewed by BOP Health Services staff before documented for reporting. The locations in the table below have received allocations of the vaccine. The numbers in the table only reflect staff and inmates that have completed both doses (fully inoculated).

*COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 7, 2021).

[3] The Federal Public Defender previously submitted two amended motions for compassionate release on Defendant's behalf. (Dkts. 88, 98).

agreement that Defendant, who is 71 years old and diabetic, could demonstrate "extraordinary and compelling reasons" for compassionate release based on his underlying health condition coupled with the threat of COVID-19. (Dkt. 100 at 5). Nevertheless, the Court denied release based on the danger Defendant's release would pose to the community. (*See* dkt. 100 at 5–6). The Court also found Defendant's plan to reside with his daughter upon release inappropriate. (Dkt. 100 at 6). In his instant request, Defendant instead proposes residing with his son in New York upon release, a plan Probation finds suitable as a temporary placement.[4] (Dkt. 105 at 2).

### LEGAL STANDARD

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to ask the sentencing court for compassionate release. Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239. The decision whether to grant compassionate release is within a district judge's discretion, the standard for which is set by § 3582(c)(1)(A). *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Under the statute, there are three requirements.

First, a defendant may not bring a compassionate release motion until either (a) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (b) 30 days lapse "from the receipt of such a request by the warden of the defendant's facility,

---

[4] Probation recommends this only as a temporary release plan due to the lack of living space. (Dkt. 105 at 2). In addition, the U.S. Probation Office for the Southern District of New York requests an additional search condition be imposed as a condition of Defendant's supervised release. (*See* dkt. 105 at 2).

whichever is earlier." § 3582(c)(1)(A). To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). This administrative exhaustion requirement, though not a jurisdictional prerequisite, is a mandatory claims-processing rule that must be enforced when properly invoked. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Second, the defendant must either be at least 70 years of age and have served 30 years of the sentence for which the defendant is currently imprisoned, § 3582(c)(1)(A)(ii), or demonstrate "extraordinary and compelling reasons" for release consistent with any applicable policy statement issued by the United States Sentencing Commission, § 3582(c)(1)(A)(i). The only relevant policy statement, U.S.S.G. § 1B1.13, is outdated and not currently binding on district judges, but it provides a "working definition of 'extraordinary and compelling reasons' " that can "guide [judicial] discretion without being conclusive." *Gunn*, 980 F.3d at 1180. Subsections (A)–(C) of the Application Note to § 1B1.13 enumerate three specific circumstances that qualify as "extraordinary and compelling reasons": (A) diagnosis of a terminal illness or serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) "death or incapacitation of the caregiver of the defendant's minor

4

child" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." § 1B1.13, Application Note 1(D).

Third, the Court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A).

## DISCUSSION

Defendant's filing shows he satisfied the administrative exhaustion requirement by submitting a request to the warden on February 12, 2021, then waiting more than 30 days before filing this Motion for Compassionate Release on the same basis on April 20, 2021. (Dkt. 101 at 20–21).

The thrust of Defendant's instant argument for release is that the "legal standard" for compassionate release has changed since his first request was denied, in that the Seventh Circuit has now clarified that the U.S.S.G. § 1B1.13 policy statement is not binding on district courts. (Dkt. 101 at 1–2 (citing *Gunn*, 980 F.3d at 1180)). The problem with this argument is such case law development regarding the determination of "extraordinary and compelling reasons" has no bearing on Defendant's case, where the Court *already accepted* Defendant could demonstrate such an "extraordinary and compelling reason" for release. (*See* dkt. 100 at 5; dkt. 103 at 2).

The circumstances Defendant describes in his Motion no longer appear to be "compelling," given Defendant has been fully vaccinated against COVID-19.[5] (Dkt. 106 at 5–7). But even assuming Defendant could demonstrate "extraordinary and compelling reasons" for release today, the Court would deny compassionate release on consideration of the 18 U.S.C. § 3553(a) factors. The Court previously explained when denying Defendant's first request for compassionate release that Defendant has "repeatedly physically and sexually assaulted" women, and his "overall history indicates he has been in and out of prison, with domestic violence reports while he is out." (Dkt. 87 at 3). Based on Defendant's "history of domestic violence," the Court stated it could not conclude Defendant did not pose a "danger to the safety of any other person or the community." (Dkt. 100 at 5).

Having considered the arguments set forth in Defendant's Motion, the Court agrees with the government that "nothing has changed in the past ten months to warrant reconsideration of the Court's previous conclusions." (Doc. 106 at 5). In light of Defendant's history and characteristics and the need for the sentence imposed to protect the public from further crimes, § 3553(a)(1), (2)(C), the Court concludes the § 3553(a) factors weigh against release.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (dkt. 101) is DENIED.

---

[5] Defendant received his second dose of the Moderna vaccine on April 6, 2021. (Dkt. 105 at 2). Defendant fails to mention his inoculation in his Motion, which was signed April 12, 2021. (*See* dkt. 101 at 11).

SO ORDERED.

Entered this 10th day of May 2021.

s/ Joe B. McDade

JOE BILLY McDADE
United States Senior District Judge
